IN THE UNITED STATES COURT FOR FEDERAL CLAIMS

No. 15-953 T

(Senior Judge Eric G. Bruggink)

CITIGROUP INC.,

Plaintiff,

v.

THE UNITED STATES,
Defendant

PLAINTIFF'S MOTION FOR LEAVE TO ADMIT THE
TRANSCRIPT OF DEPOSITION TESTIMONY OF
UNAVAILABLE WITNESS DR. DAVID JAMES CROFT

Plaintiff, Citigroup Inc., respectfully seeks leave to file the transcript of the November 27, 1996 deposition of Dr. David James Croft. Dr. Croft provided his deposition testimony in a corresponding damages case before this Court. Good cause supports granting this motion because Dr. Croft is deceased and is, therefore, unavailable to appear at trial. This Court previously granted Plaintiff's motion for leave to admit deposition and transcript testimony of unavailable witnesses. Dkt. # 123, 140. This included the trial testimony of Dr. Croft from the corresponding damages case. *See Id*. Dr. Croft's deposition testimony, however, was inadvertently excluded from Plaintiff's earlier motion. Dkt. # 123. As a result, Plaintiff respectfully requests that the Court grant this motion. The transcript is attached as Exhibit A.

ARGUMENT

RCFC 32(a) and Paragraph 15(b) of Appendix A to the RCFC address the use of depositions in proceedings.  Paragraph 15(b) of Appendix A provides that "[a]ny party intending to present substantive evidence by way of deposition testimony . . . . shall show cause why the deposition testimony should be admitted."  RCFC Appendix A, ¶ 15(b) (citing RCFC 32(a)).  In turn, RCFC 32(a)(4)(A) provides that "[a] party may use for any purpose the deposition of a witness, if the court finds:  that the witness is dead." (internal citations omitted).

Dr. Croft was the Director of Examination and Supervision for the Federal Home Loan Bank Board at the time of the transaction at issue.  For good cause shown under RCFC 32(a)(4)(A), Dr. Croft is unavailable to testify because he deceased.

This Court has already granted Plaintiff's motion for leave to submit the trial testimony of Dr. Croft.  Dkt. # 140 ¶ 5.  Plaintiff filed a motion for leave to admit unavailable witness testimony transcripts into the record.  Dkt. # 123.  The motion pertained to witnesses who provided testimony before this Court in the corresponding damages trial.  *See Glendale Fed. Bank, FSB v. United States*, Case # 90-772C; opinion at 43 Fed. Cl. 390 (1999).  As related to Dr. Croft, Plaintiff sought to admit three days (February 25-26, 1997 and March 28, 1997) of Dr. Croft's trial testimony from the corresponding damages trial.  Dkt. # 123.  In addition, Plaintiff also submitted the trial transcripts and deposition transcripts of five other witnesses.  This culminated in an appendix of many sets of transcripts.  The Court granted Plaintiff's motion for leave to admit unavailable witness testimony in the form of deposition and trial transcripts on February 1, 2022.  Dkt. # 140 ¶ 5.

Trial is set to begin on Monday, March 21, 2022.  In preparing for trial, Plaintiff came to learn that the transcript of the November 27, 1996 deposition of Dr. Croft was inadvertently

excluded from Plaintiff's motion for leave to admit unavailable witness testimony transcripts into the record. Dkt. # 123. Plaintiff intended to submit this transcript. Plaintiff identified the transcript of Dr. Croft in the proposed joint exhibits provided to the government on December 17, 2021. And Plaintiff listed it as an exhibit on Plaintiff's Exhibit List submitted to the Court on February 4. *See* Dkt. # 145, p. 4. In the previous motion, Plaintiff submitted many sets of transcripts, including three sets of transcripts specifically for Dr. Croft. In doing so, Plaintiff inadvertently excluded the deposition transcript of Dr. Croft. The deposition is not particularly lengthy (161 transcript pages), and so the government will not be prejudiced because there is plenty of time before the trial to review the deposition (to the extent it has not already been reviewed given that the existence of the deposition and the deposition transcript was known to the government and its experts).[1] Thus, Plaintiff respectfully requests that the Court grant this motion for leave and admit the deposition testimony of Dr. Croft as substantive evidence.[2]

## CONCLUSION

For these reasons, Plaintiff requests that the Court grant this motion and enter the attached transcript of the November 27, 1996 deposition of Dr. Croft into evidence.

---

[1] Indeed, Dr. Hargett specifically references the "D. James Croft, *Glendale v. U.S.*, November 27, 1996" deposition as a document he considered or relied upon in his Expert Report. And Dr. Croft's November 25, 1997 trial testimony, which has been admitted in this case, specifically makes reference to his previous deposition testimony. *See e.g.,* Croft Tr. (Feb. 25, 1997) 277:25-278:9, 285:7-23.

[2] Paragraph 15(b) to Appendix A provides that a party may seek leave to introduce specific portions of a deposition transcript. RCFC 32(a)(6) in turn authorizes the adverse party to introduce other parts of the deposition transcript, if in fairness, it should be considered with the excerpt introduced. To avoid that back-and-forth, Plaintiff submits all of Dr. Croft's deposition.

Respectfully submitted,

March 4, 2022                     */s/    Jean A. Pawlow*
                                  JEAN A. PAWLOW
                                  Attorney of Record
                                  Latham & Watkins LLP
                                  555 11th St. NW, Suite 1000
                                  Washington, D.C. 20004
                                  Telephone: (202) 637-3331
                                  Fax: (202) 637-2201
                                  jean.pawlow@lw.com

                                  *Attorney for Plaintiff*